IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VINCENT SAVAGE,

        Plaintiff,

v.	No.

STATE FARM FIRE & CASUALTY
COMPANY,

        Defendant.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

TO:    UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW MEXICO

Defendant State Farm Fire & Casualty Insurance Company identified by Plaintiff as State Farm Fire and Casualty Company ("State Farm") by and through its attorneys, Guebert Bruckner P.C., and pursuant to 28 U.S.C. §§ 1332, 1446 and D.N.M.LR-Civ. 81.1, moves this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico.

    1.    On June 22, 2017, Plaintiff's Original Complaint for Negligence, Breach of Insurance Contract, Violation of the New Mexico Unfair Claims Practices Act, and Bad Faith Actions ("Complaint"), was filed in the Third Judicial District Court, County of Dona Ana, State of New Mexico. The case was docketed as Cause No. D-307-CV-2017-01772. A copy of the Complaint is attached hereto as **Exhibit A**.

2. As set forth below, traditional diversity jurisdiction exists because Plaintiff has different citizenship than State Farm, his individual claims satisfy the $75,000 jurisdictional limit of 28 U.S.C. § 1332(a), and State Farm is not a citizen of New Mexico. Further, as set forth below, State Farm has satisfied all procedural requirements for removal.

### I. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Plaintiff filed his Complaint on June 22, 2017. **Exhibit A**. There, Plaintiff alleges that he is a resident of Dona Ana County, New Mexico. Plaintiff named State Farm as a Defendant. *Id.* ¶ 1.

4. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

5. Plaintiff served the office of the superintendant of insurance on July 24, 2017. State Farm received notice of the Complaint on July 26, 2017. Thus, State Farm's 30 day period in which to file this notice of removal began on July 26, 2017. "[S]ervice upon a statutory agent [such as the department of insurance] does not constitute 'receipt by the defendant' within the meaning of §1446(b). This view is in accord with the overwhelming majority of district courts to have decided the issue." *Handshumaker v. Vangilder*, No. 15-1128-MLB, 2015 U.S. Dist. LEXIS 112355, at *6 (D. Kan. Aug. 25, 2015).

6. As such, removal is timely and proper as it was performed within 30 days of State Farm's notice of the Complaint and it could be ascertained that the case was one which was removable. 28 U.S.C. § 1446(b)(3).

7. Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon State Farm in the Third Judicial District Court No. D-307-CV-2017-01772. **Exhibit A**.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Third Judicial District Court, Dona Ana County, New Mexico.

9. State Farm is the only named Defendant. As a result, consent to removal from other Defendants is not at issue. Likewise, State Farm is not a citizen of New Mexico. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

10. The Complaint alleges that State Farm is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but it is authorized to conduct business, and is conducting business within Dona Ana County, New Mexico. The Complaint does not allege that State Farm is a citizen of New Mexico or any other State.

**II.    THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.**

    **A.    Complete Diversity Exists Between Plaintiff and Defendant**

11. State Farm Fire & Casualty Insurance Company is a citizen of Illinois for the purposes of federal jurisdiction, as it is organized under the laws of Illinois, and its principal place of business is in Illinois. *See* 28 U.S.C. § 1332(c)(1).

12. Plaintiff is a citizen of New Mexico, Dona Ana County. **Exhibit A**, ¶ 1.

13. Because State Farm is a citizen of Illinois for the purposes of federal jurisdiction and because Plaintiff is a citizen of New Mexico, Dona Ana County, complete diversity exists between the parties.

### B. The $75,000 Amount in Controversy is Satisfied

14. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

15. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks …a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A). Additionally, though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraphs (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

16. For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

17. The Complaint does not allege a specific amount of damages. However, the New Mexico Rules of Civil Procedure generally prohibit the inclusion of a specific amount of claimed damages. *See* Rule 1-008(A)(3) NMRA ("Unless it is a necessary allegation of the

4

complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.")

18.     "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1306 (D.N.M. 2001).

19.     Plaintiff's Complaint alleges contractual damages in excess of $165,000. Complaint ¶ 14. Plaintiff prays for actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney's fees and court costs. In addition, Plaintiff requests "[f]or all other such relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint." *Id.* pg. 11. An examination of Plaintiff's claims establishes that Plaintiff has put far more than $75,000 in controversy.

20.     The Complaint alleges State Farm, among other things, failed to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, failed to effectuate a prompt, fair and equitable settlement, failed to provide Plaintiff with an explanation of the basis for its refusal to offer a full and fair settlement, acted in such a way as to delay, deny, or undervalue property claims made by Plaintiff, and failed to properly adjust Plaintiff's claims. **Exhibit A**, ¶¶ 11, 15, 29, 49.

21.     The amount of insurance coverage of the State Farm Homeowners Policy at issue total $218,200.00. **Exhibit B**, Guebert Aff. ¶ 6. The substance and nature of the allegations described in Plaintiff's Complaint, combined with Plaintiff's prayer for relief for damages is enough to satisfy the $75,000 requirement. *Id.* ¶ 7.

22.     Nevertheless, based on the experience of lead counsel for State Farm—who has been actively involved in the evaluation of the injuries asserted by Plaintiff and who, over the course of his 35-year career, has tried in excess of 80 cases to juries in New Mexico and has evaluated hundreds of claims made against insurance companies and their insureds—if Plaintiff's claims of bad faith and unfair practices were accepted by a jury, the total damages would be in excess of $75,000. *See id.*

23.     The opinion of Mr. Guebert is confirmed through actual jury awards in bad faith cases, which the Court may properly consider when determining the amount in controversy. *See, e.g. Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450-51 (S.D. Cal. 1995) (comparing damages in other insurance bad faith cases in denying motion to remand); *Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. Va. 2002) (comparing range of punitive damages awards in other cases denying motion to remand). Jury awards in bad faith cases have included sizeable amounts for punitive damages. *See Haberman v. The Hartford Ins. Group*, 443 F.3d 1257 (10th Cir. 2006) (affirming award of $100,000 in punitive damages); *Vining ex. rel Vining v. Enter. Fin. Group*, 148 F.3d 1206 (10th Cir. 1998) (affirming award of $400,000 in punitive damages); *Markham v. Nat'l States Ins. Co.*, 122 Fed. Appx. 392 (10th Cir. 2004) (unpublished) (affirming award of $150,000 in punitive damages).

Thus, Plaintiff's demand for punitive damages, which must be considered to be part of the amount in controversy, independently satisfies the $75,000 threshold.  **Exhibit A**, ¶ 50.

24.	Plaintiff also seeks to recover his attorney's fees, which can be significant in bad faith cases and must be included as part of the amount in controversy.  *See Vining*, 148 F.3d at 1212 (affirming award of $94,223.75 in attorney's fees against insurer); *Markham*, 122 Fed. Appx. 392 (unpublished) (affirming award of $103,830 in attorney's fees against insurer); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) (affirming award of $64,000 in attorney's fees against insurer).

25.	Plaintiff's broad request for "all other such relief, general or specific, in law or in equity, whether pled or unpled with this Original Complaint," potentially places additional categories of damages at issue for the amount in controversy calculation.  *See* UJI 13-1716, NMRA (damages in a bad faith lawsuit include "[t]he amount of any incidental or consequential loss to the plaintiff.  Any damages found by you for this loss must be damages which the insurance company and the policyholder could reasonably have expected to be a consequence of the company's failure to perform its obligations under the insurance policy.").

26.	Adding Plaintiff's claims for compensatory damages, punitive damages, attorney's fees, mental anguish and emotional distress, as well as potential claims for "other relief," the amount in controversy for Plaintiff's claims certainly exceeds $75,000.

27.	State Farm reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

GUEBERT BRUCKNER P.C.

By   */s/ Lawrence A. Junker*
Terry R. Guebert
Lawrence A. Junker
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
tguebert@guebertlaw.com
ljunker@guebertlaw.com
*Attorneys for Defendant State Farm Fire & Casualty Insurance Company*

This is to certify that on this 24th day of August, 2017, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, and a *copy* of the foregoing was mailed to:

Jonathan L.R. Baeza
Martinez & Martinez Law Firm, PLLC
730 E. Yandell Dr.
El Paso, TX 79902
(915) 541-1000
jonathan@martinezlawyers.com
*Attorney for Plaintiff*

James M. McClenny
Derek L. Fadner
McClenny, Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Ste. 200
Houston, TX 77606
(713) 334-6121
james@mma-pllc.com
derek@mma-pllc.com
*Pending Pro Hac Vice Admission*

*/s/ Lawrence A. Junker*
Terry R. Guebert
Lawrence A. Junker
*Attorneys for Defendant State Farm Fire & Casualty Insurance Company*

F:\Clients\0102.252bf\Pleadings\Notice of Removal. 2017.08.24.docx/jty